1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  RYAN REZAEI (CABN 285133)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7534
7       FAX: (415) 436-7234
        ryan.rezaei@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. 19-CR-367-15 CRB |
|---|---|
| Plaintiff, | ) UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) |
| RUDIS VALLADERES-CACERES, | ) |
| Defendant. | ) |

The United States requests that the Court sentence Rudis Valladeres-Caceres to a guidelines term of imprisonment for his conviction for illegal use of a communication facility. However, if the Court is inclined to vary downward, the government requests an imprisonment term of not less than 13 months and one day.

At his recent change-of-plea hearing, the defendant waived the presentence investigation report. So it can move forward with sentencing without a presentence investigation and report, the Court may wish to review the items listed below. *See* Fed. R. Crim. P. 32(c)(1)(A) (the probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless the court finds that the information in the record enables it to meaningfully exercise its sentencing authority). Reviewing the below items is especially important because the Court must determine the

U.S. SENTENCING MEMORANDUM                1
19-CR-367-15 CRB

applicability of the mitigating role adjustment, a provision which the parties left "open" in the defendant's plea agreement. If the Court applies the two-level downward adjustment for minor participation—which the government argues for below—the defendant's total offense level will be 17, yielding a guidelines range of 24-30 months.

## I. The Defendant's Guidelines Range, the Open Mitigating Role Adjustment, and the Defendant's Criminal History Category

The defendant pled guilty pursuant to a plea agreement. Dkt. 171. Paragraph 7 of the plea agreement included the following guidelines calculation:

| Base Offense Level, U.S.S.G. § 2D1.6 | 24 |
|---|---|
| **Mitigating Role Reduction** | **Open** |
| Acceptance of Responsibility | -3 |
| Additional Departure – Global Disposition | -2 |

The plea agreement left "open" the mitigating role reduction. In other words, the parties may litigate that adjustment's applicability at sentencing.

In a previous filing, the government determined the defendant's Criminal History Category was I. Dkt. 150, p. 3.

## II. The Items the Court May Wish to Review

The government recommends that the Court review the below items before sentencing. Reviewing these items should allow the Court to make the requisite finding under Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure and help the Court determine the applicability of the open mitigating role adjustment.

### 1. Complaint in No. 3-19-71145 TSH

The Court should first review the complaint in No. 3-19-71145 TSH. The complaint summarizes the extensive activities of the drug trafficking organization ("DTO") of which the defendant was a member. As stated in the complaint, the DTO supplied street level dealers with drugs. These street level dealers lived in houses and apartments furnished by the DTO, and each street level dealer was

required to pay rent and sell the drugs the DTO provided. *See, e.g.*, No. 3-19-71145 TSH, Complaint Affidavit, ¶¶ 17-19. The defendant was not charged in this complaint and is not mentioned in the complaint affidavit. The Court should nonetheless review the complaint so it can determine the defendant's culpability relative to that of his co-defendants. *See United States v. Diaz*, 884 F.3d 911, 916-17 (9th Cir. 2018) (in assessing U.S.S.G. § 3B1.2's applicability, district courts must compare a defendant's involvement to that of all likely participants in the criminal scheme for whom there is sufficient evidence of their existence and participation).

### 2. Complaint in No. 3-19-71206 EDL

The above-named defendant was charged in a separate complaint in No. 3-19-71206 EDL. The complaint affidavit describes the defendant's role in the case. He was one of the street level dealers who lived in the houses and apartments furnished by the DTO and sold drugs on the DTO's behalf.

### 3. Defendant's Plea Agreement in No. 19-CR-367-15 CRB

After the defendant was charged by complaint, the grand jury returned an indictment charging him—and 13 others—with conspiracy. *See* No. 19-CR-367 CRB. The factual basis in the defendant's plea agreement succinctly describes the defendant's role in the DTO. Dkt. 171, ¶ 2. He admits he was one of the street level dealers who lived in the houses and apartments furnished by the DTO and sold drugs on its behalf on the streets of San Francisco, including in the Tenderloin.

### 4. Complaint Against Co-Defendant Julio Cesar Viera Chirinos in No. 3-19-71156

Julio Cesar Viera Chirinos, a/k/a "Chino" ("Julio"), was charged along with the defendant in the indictment in No. 19-CR-367 CRB. However, before the grand jury returned the indictment, Julio had been charged in his own complaint—a third complaint separate from the two mentioned above—in No. 3-19-71156 MAG. The complaint affidavit summarizes Julio's minimal role in the case.

### 5. Julio's Plea Agreement (Dkt. 122) in No. 19-CR-367 CRB

Julio was the first to be sentenced in No. 19-CR-367. He received a time-served sentence and a four-level downward adjustment for minimal participation under U.S.S.G. § 3B1.2(a). *See* No. 19-CR-367 CRB, Dkt. 143.

The factual basis from Julio's plea agreement (Dkt. 122) clarifies Julio's role in the case. Understanding Julio's role in the DTO is critical to determining the applicability of the mitigating role

adjustment which has been left open for the Court's determination: the above-named defendant, as a street-level dealer, played a larger role in this case than Julio, who received the four-level minimal participant adjustment. As argued below, the above-named defendant, who played a larger role in the DTO than Julio, should receive only a two-level downward adjustment for minor participation.

### III. LAW AND ARGUMENT

Based on the defendant's culpability relative to that of his co-defendants—including Julio, who received the four-level downward adjustment for minimal participation and had the smallest role in the case—the government believes the defendant is only entitled to a two-level downward adjustment for minor participation. *See* U.S.S.G. § 3B1.2(b).

The defendant was a street level dealer who lived in the houses and apartments furnished by the DTO and sold drugs on its behalf. He was "less culpable than most other participants in the criminal activity" and should accordingly receive a two-level reduction for minor participation. *See* U.S.S.G. § 3B1.2, comment. (n.5) (the minor participant adjustment applies to a defendant who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal").

However, the above-named defendant's role cannot be described as minimal, which was the case with Julio. U.S.S.G. § 3B1.2, comment. (n.4) (describing a minimal participant as a defendant who is "plainly among the least culpable of those involved in the conduct of a group"). Julio was caught in a house with a minimal amount of drugs. In contrast to the defendant, the evidence does not show Julio was a street level dealer like the defendant; Julio had an even lesser role.

The defendant has the burden of establishing by a preponderance that he was a minor or minimal participant. *United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010). But the evidence only establishes that the defendant was a minor participant: he was less culpable than most other participants in the criminal activity, but his role cannot be described as minimal.

Applying the two-level downward adjustment for minor participation under U.S.S.G. § 3B1.2(b) results in a total offense level of 17. Because the defendant falls in Criminal History Category I, the applicable guidelines range is 24-30 months. (On the other hand, if the Court applies the four-level minimal participation adjustment, his total offense level will be 15, yielding a guidelines range of 18-24 months.)

## IV. CONCLUSION

The United States recommends a guidelines sentence. But if the Court is inclined to vary downward, it recommends a sentence of not less than 13 months and one day.

DATED: February 20, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

  /S/
RYAN REZAEI
Assistant United States Attorney