Law Office of Adam Pennella
Adam Pennella, SBN 246260
717 Washington Street
Oakland, CA 94607
P. (510) 451-4600
F. (510) 451-3002
adam@avplawoffice.com

Counsel for Defendant
Rudis Valladares Caceres

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>RUDIS VALLADERES CACERES,<br><br>          Defendant | Case No.: CR 19-367 CRB<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Date: March 11, 2019<br>Time: 2:00 p.m.<br>Honorable Charles R. Breyer |

Defendant Rudis Valladares Caceres respectfully submits the following sentencing memorandum and requests that the Court vary downward and impose a sentence of time served.

**INTRODUCTION**

Rudis Valladares Caceres was one of the roughly forty defendants in the various *Viera-Chirinos* set of cases, all of which are part of the same investigation and have been related before this Court. Mr. Valladares is among the lowest culpability of these various defendants.

On February 12, 2020, he entered a guilty plea to a single violation of 21 U.S.C. § 843(b) (illegal use of a communication facility), along with three of defendants whose plea agreements mirror his own. One of his co-defendants – Yordi Yabier Agurcia Galindo – was also sentenced on that date, to time served. As the government's various status memoranda (filed on 1/27/20) illustrate, there are only a few defendants whose drug quantity is lower than that of Mr. Valladeres'. The government even concedes that his role in the offense – being granted housing

in exchange for selling small street-level quantities of drugs – is at least "minor" under the Sentencing Guidelines (see § USSG 3B1.2). Indeed, the only issue at sentencing other than the ultimate sentence is whether he is deemed "minor" or "minimal" under that Guidelines section. Mr. Valladares has been in custody for approximately seven and a half months. The government requests a sentence of thirteen months, which would equate to approximately eleven months of custody. Those additional three months of custody are neither appropriate nor warranted. Mr. Valladares, whose only family in this country left some months after he arrived, was homeless and unemployed. He was offered housing, but with a requirement to sell street level amounts of drugs. He has already been sent a strong message about drug dealing; he will be deported back to Honduras, a country ravaged by crime, poverty, and instability. Additional time in jail is not necessary. A sentence of time served should be imposed.

## ROLE IN THE OFFENSE

The parties agree on all Guidelines calculations except whether Mr. Valladares is deemed "minor" or "minimal" under section 3B1.2 of the Sentencing Guidelines. To make this factual determination, the government directs the Court to Mr. Valladares' plea agreement, as well as the complaint in 3-19-71206 EDL, which accurately describes his role as a street level dealer who was required to sell small amounts of drugs in exchange for housing.

The government conducted an extensive investigation that spanned a year or more. Numerous wiretaps were ordered, with thousands of phone calls intercepted. Hundreds of reports were authored. That Mr. Valladares is such a low-level player is illustrated through the limited number of calls in which he participates and the relatively small quantity of drugs for which he is responsible under the Guidelines.

Application notes 3(C) and 4 to 3B1.2 are instructive for this determination and highlights a non-exhaustive list of factors to be considered:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

    (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

    (v)    the degree to which the defendant stood to benefit from the criminal activity.

Application note 4 further indicates that the "minimal" designation "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."

There is no evidence that Mr. Valladares understood the larger scope or structure of this drug conspiracy. He certainly was not engaged in any planning or organizing. Nor did he exercise any decision-making authority; rather, he would receive small amounts of drugs that he was required to sell on the streets. Finally, the degree to which he stood to benefit – presumably continued free housing – was minimal. In short, he is "plainly among the least culpable" of the various defendants in these related cases. The government's various status memoranda illustrate that and the plea agreement and evidence of his criminal conduct proves that fact.

The Court should find his role in the offense "minimal" and apply a four-point reduction in the Guidelines. The resulting Guidelines range would therefore be 18-24 months.

**PERSONAL HISTORY AND CHARACTERISTICS**

Rudis Valladares Caceres is Honduran, as are most of the defendants in this case. He left Honduras for safety and economic reasons. Various family members had been killed by gang members and due to a long running feud with another family in his village. His parents, both of whom are farmworkers, are poor. He could not complete school and had few prospects for employment. He left Honduras and looked for work in Nicaragua and Mexico before making the long and dangerous journey here. He will almost certainly be deported and, as a result of this country, be precluded from receiving status here. In short, he will be banished back to the dangerous and dire circumstances that led him (and many others in his position) to make the unsafe and uncertain journey here in hopes of a better life. Rudis will not (and did not) realize that hope, at least here, and the chances of safety and success in Honduras are low.

Honduras is among the poorest countries in Latin America. As the Congressional Research Service report, "Honduras: Background and U.S. Relations" (July 22, 2019)[1] indicates,

> Democratic institutions are fragile, current economic growth rates and social policies are insufficient to reduce widespread poverty, and the country continues to experience some of the highest violent crime rates in the world. These interrelated challenges have produced periodic instability in Honduras and have contributed to relatively high levels of displacement and emigration in recent years.
> Honduras struggles with high levels of crime and violence. A number of interrelated factors appear to contribute to the poor security situation. Widespread poverty, fragmented families, and a lack of education and employment opportunities leave many Honduran youth susceptible to recruitment by gangs such as the Mara Salvatrucha (MS-13) and Barrio 18. These organizations engage in drug dealing and extortion, among other criminal activities, and appear to be responsible for a substantial portion of homicides and much of the crime that affects citizens on a day-to-day basis.

Rudis Valladares Caceres will return to living in a country where he will be subject violence and have minimal prospects for employment. He will forever be precluded from returning to the U.S. In short, the consequences for his actions in this case will extend beyond the custody term imposed in this case.

## SENTENCING CONSIDERATIONS

In determining a reasonable and appropriate sentence, the Court must consider those factors set forth in 18 U.S.C. 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant. The Guidelines are advisory, *Gall v. United States*, 552 U.S. 38, 46-47 (2007), and there is no presumption in favor of a Guidelines' calculation. (*Nelson v. United States*, 555 U.S. 350, 352 (2009) (citation omitted) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In *Rita* we said as much, in fairly explicit terms: "'[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.'"). The District Court is thus not required to use a formulaic approach to produce a mathematical justification for a non-Guidelines sentence. (*Gall*, 128 S.Ct at 596.). Rather, it must exercise a "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors. (*Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).). In

---

[1] See https://fas.org/sgp/crs/row/RL34027.pdf

short, the District Court's duty is to impose the least amount of time necessary to achieve 3553(a)'s purposes. The Guidelines are subordinate to that duty.

A sentence of time served is sufficient custodial punishment to be imposed on Mr. Valladares. It is a lengthy custodial term; he will be deported and precluded entry into this country in the future; he will return to a home plagued by violence and economic strife. Moreover, such a sentence would avoid unwarranted sentencing disparities among similarly situated codefendants in this case. As a result, it is "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For all these reasons, as well as those to be presented at the sentencing hearing in this case, Mr. Valladares requests that the Court find him a "minimal participant" and impose a term of imprisonment of "time served."

Respectfully Submitted,
Law Office of Adam Pennella

Dated: March 9, 2020

/s/
Adam Pennella
Counsel for Rudis Valladares Caceres